[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of New Haven at New Haven.
The plaintiff and the defendant whose maiden name was Rogers, were married on May 4, 1957 at New Haven, Connecticut. The defendant had resided continuously in the State of Connecticut for at least twelve months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are no minor children issues of the marriage. No minor children have been born to the wife since the date of the marriage.
The court, having heard the evidence finds the following additional facts: The plaintiff husband vacated the family residence during the summer of 1995 after retiring and relocated to South Carolina. The plaintiff husband has a masters degree and CT Page 14095 worked many years in electronics until 1973. From 1973 to 1975 he taught in several technical schools. At the time of his retirement in 1995, he was an assistant principal. He is currently a substitute teacher in South Carolina where he works up to three days a week
The defendant wife was a home maker during the first ten years of the marriage She was in special education classes until the seventh grade. She completed the tenth grade and then went to trade school where she learned to sew. She held several positions starting in 1974 as a sewing machine operator or seamstress (1967-1970; 1974-1983; 1984-1991; 2 years at Pathmark). She is currently working part time as a cashier at the Christmas Tree Shop.
The plaintiff husband is 63 years old and the defendant wife is 61 years old. He has listed his net weekly income on his financial affidavit as $680.05. She has listed her net income as $121.18
The plaintiff husband has "heart problems" and a pace maker. He is diabetic and is being treated for cancer of the prostate. He drank during the course of the marriage and stopped in 1995 when he retired and moved to South Carolina.
There was an incident of domestic violence in either 1969 or 1970 where members of the police department went to the house. The plaintiff husband struck the defendant wife in the face with sufficient force to cause a bloody lip and a black eye. Some days later The plaintiff husband took the defendant wife to Connecticut Valley Hospital where she was in-patient for five days. This was followed by six to seven months of out patient care.
On another occasion the plaintiff husband was angry, had been drinking and picked up a shovel during an argument. He also made several disparaging remarks during the marriage.
The plaintiff husband filed for divorce in the Milford Court in 1995. He filed again for divorce in 1998 in this court and he is represented by an attorney. The defendant entered into a "marriage" on June 27, 1998 to Mamie Anderson on June 27, 1998 while this action was pending.
The plaintiff husband purchased land in 1995 in South CT Page 14096 Carolina with Mamie Anderson. He also purchased a house in 1997 in South Carolina with Mamie Anderson. He refinanced the marital property located in West Haven in 1995 and appears to be the beneficiary of the funds of $48,000.00.
The following property is considered for allocation:
 1. The family residence located at 56 Miami Street, West Haven, Ct. The property is valued at $80,000.00, with $30,000.00 of equity and a mortgage of $48,000.00
 2. A residence at Hwy 377, PO Box 8, Lane, South Carolina. The property is valued at $50,000.00 with $1,000.00 in equity and a mortgage of $49,000.00.
 3. A 1996 Ford van valued at $20,000.00 with no equity and a 1998 Lincoln Continental valued at $30,000.00 with no equity.
 4. A retirement pension which is paid to the plaintiff husband at $371.43 per week.
 5. A Kemper IRA, in the name of the defendant wife, valued at $10,000.00
6. Income tax refund for 1996 and 1997.
The court has considered the provisions of Connecticut General Statutes § 466-82, regarding the issues of alimony and § 46b-81c regarding the issue of property division and § 46b-42 regarding the issue of attorney's fees.
The court enters the following orders:
1. Dissolution
The marriage between the parties is hereby dissolved and each party is declared to be single and unmarried.
2. Property orders
a. The family home, including the equity located at 56 Miami Street, West Haven, is awarded to the defendant wife. The plaintiff husband shall transfer to the defendant wife, by quit claim deed, all of his right, title and interest in CT Page 14097 that property within 30 days of the date of judgment. Effective with such transfer the defendant wife shall pay the mortgage, taxes and all other expenses relating to such property.
The plaintiff husband may retain the funds of $48,000.00 obtained from the refinancing of the home and no longer has authority to withdraw funds from the home equity line of credit.
b. The plaintiff husband shall retain ownership including the equity of the property located at Hwy. 277, Lane, South Carolina.
c. The plaintiff husband shall retain exclusive ownership of the 1996 Ford Van and the 1998 Lincoln Continental.
d. The plaintiff husband shall pay $185.00 per week to the defendant wife.
This represents one half of his weekly pension payment of $371.43
e. The defendant wife shall retain exclusive ownership of the Kemper IRA.
f. The plaintiff husband shall pay to the defendant the monies from the income tax refunds for 1996 and 1997 by certified funds within thirty days of judgment ($4,127.00)
3. Alimony
The plaintiff husband is ordered to pay to the defendant wife, alimony in the amount of $115.00 per week. The alimony payments will terminate upon the earliest of the following contingencies:
a. The death of either party
b. the remarriage of the defendant wife or
 c. cohabitation as defined by Conn. General Statutes § 46b-86 (b) with an unrelated male.
4. Life Insurance
CT Page 14098
Plaintiff husband shall maintain the life insurance policy through New York Life Insurance with defendant wife as beneficiary until his death. ($48,000.00) Plaintiff shall provide written proof to the defendant or provide a release for the insurance company to provide such proof that the policy is in current payment status.
5. Medical Insurance
Plaintiff husband shall continue the present medical coverage for the defendant wife i under COBRA for the full statutory period and he is responsible for the cost.
6. Debts
Each party shall be responsible for the individual debts listed on their respective financial affidavits.
7. Attorney's Fees
The plaintiff husband shall pay one thousand dollars ($1,000.00) to Attorney Charles A. Eggart, Jr. on behalf of defendant wife.
8. Miscellaneous Orders
Each party shall provide the other with a copy of their federal and/or state tax returns within fifteen days after such returns have been filed by Registered Mail, return receipt. This order shall remain in effect for so long as there is an outstanding alimony order or any outstanding arrearage from any such order.
Crawford, J.